IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Asbestos Products Liability Litigation (No. VI) | Civil Action No. MDL 875 |
| Lawrence R Zimmer, <br><br> Plaintiff, <br> v. <br><br> Owens-Illinois Incorporated, Georgia Pacific Corporation, and CBS Corporation, <br><br> Defendants. | PA-ED Case No. 10-CV-61896 <br><br> (*WI-ED Case No. 95-0276*) |

### SEVERED AND AMENDED COMPLAINT

Now comes the plaintiff, Lawrence R Zimmer, (hereinafter "Plaintiff"), by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of defendants as follows:

### JURISDICTION

1. Plaintiff, Lawrence R Zimmer, is an adult citizen of Wisconsin and plaintiff lives in Brownsville, Wisconsin.

2. Plaintiff worked with asbestos at various job sites in the state of Wisconsin during his career as a Asbestos Worker.

3. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

4. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

Code, §1332.

5. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

6. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

7. Plaintiff during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

8. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

9. Plaintiff became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

10. As a direct and proximate result of the conduct of defendants, Plaintiff developed and has been diagnosed with asbestos disease.

11. Plaintiff suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

12. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

13. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

14. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who

worked with or were exposed to the defendants' asbestos products.

15. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death, and that Plaintiff did not know that asbestos products were dangerous or harmful.

16. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

17. As a direct and proximate result of the acts and omissions of the defendants above, plaintiff was injured as described above.

## COUNT 2 – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

18. This cause of action is asserted against the manufacturing and supplying defendants.

19. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

20. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and

defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

21. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

22. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

23. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT 3 – DECLARATORY JUDGMENT

24. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

25. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years

before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

26. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: May 27, 2010


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | State Hdq | State Princ Bus |
|---|---|---|
| Owens-Illinois Incorporated | Delaware | Ohio |
| Georgia Pacific Corporation | Delaware | Georgia |
| CBS Corporation | Delaware | Pennsylvania |

**EXHIBIT B**
**Plaintiff's work history**

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Miller Brewery | Milwaukee | WI | 1970 | 1979 |
| Badger Ordnance Works | Baraboo | WI | 1957 | 1959 |
| Badger Ordnance Works | Baraboo | WI | 1958 | 1958 |
| Badger Ordnance Works | Baraboo | WI | 1959 | 1960 |
| University Of Wisconsin Madison | Madison | WI | 1960s | 1960s |
| Waukesha Memorial Hospital | Waukesha | WI | 1970 | 1979 |
| Columbia Hospital | Milwaukee | WI | 1967 | 1968 |
| Southridge Mall | Milwaukee | WI | 1970 | 1971 |
| Mayfair Shopping Center | Wauwatosa | WI | 1960s | 1960s |
| Oak Creek Power Station | Oak Creek | WI | 1958 | 1960 |
| Oak Creek Power Station | Oak Creek | WI | 1958 | 1962 |
| Oak Creek Power Station | Oak Creek | WI | 1960 | 1965 |

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2010, I delivered a hard copy of the foregoing and copy on CD by FedEx Standard Overnight to the Clerk of the United States District Court for the Eastern District of Pennsylvania, and I mailed by United States Postal Service, regular mail, copies to the following:

*Attorney for Georgia Pacific Corporation and Owens-Illinois*
Michael W. Drumke
Schiff Hardin LLP
233 S Wacker Drive
Chicago, IL 60606

*Attorney for CBS Corporation*
Ric Gass
Dan Elger
Gass Weber Mullins
309 N. Waters St., 7th Floor
Milwaukee, WI 53202

s/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
(312) 944-0600
mcascino@cvlo.com